## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) )  )    Civil Action No. 1:11-cv-10941 |
| Plaintiff, | ) ) |
| v. | )    COMPLAINT AND )    JURY TRIAL DEMAND |
| ACT Teleconferencing, Inc. a/k/a ACT Conferencing, and ACT Teleconferencing Services, Inc., | ) ) ) ) |
| Defendants. | ) ) |

## **NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA), as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), as well as Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Paige Wendy Sprince. As alleged with greater particularity below, ACT Teleconferencing, Inc. a/k/a ACT Conferencing, and ACT Teleconferencing Services, Inc., subjected Sprince to discrimination by failing to accommodate her disabilities and terminating her employment.

## **JURISDICTION AND VENUE**

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107 (a) of the ADA, 42 U.S.C. §12117 (a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e - 5 (f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Massachusetts.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, as amended by the ADAAA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e - 5 (f)(1) and (3).

4. At all relevant times, Defendants were Colorado corporations doing business in the Commonwealth of Massachusetts and each has continuously had at least 15 employees.

5. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e - (g) and (h).

6. At all relevant times, Defendants have been covered entities under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Sprince filed a charge with the Commission alleging violations of Title I of the ADA by Defendants (hereafter referred to as "ACT"). All conditions precedent to the institution of this lawsuit have been fulfilled.

8. In or about September 2009, Defendants engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112, as outlined below:

   a. On February 19, 2009, Sprince was involved in a serious auto accident on her way

to work. She suffered numerous substantial injuries which required extensive surgery and rehabilitation. She was hospitalized for three weeks, and suffered complications during her recovery.

  b. Sprince suffered serious after-effects from her injuries for many months after the accident. Her physician placed restrictions on her ability to drive, and, due to her injuries, she had significant restrictions, among others, on her ability to concentrate, sit, stand, walk, push or pull objects, bend, squat, climb, reach above the shoulder, kneel, crawl, and lift and carry objects over ten pounds. During this period, Sprince required living assistance from her mother.

  c. At the time of the accident, Sprince had been an employee of ACT and its predecessors at the Andover, Massachusetts location for over eleven years.

  d. Initially, ACT provided Sprince leave under the Family and Medical Leave Act. When that expired in June 2009, ACT provided her additional leave as Sprince sought to recover from her injuries.

  e. ACT hired a former employee as a temporary employee to fill in for Sprince while she recovered.

  f. On September 1, 2009, ACT sent Sprince a letter stating, in part, as follows: "We have since confirmed that your condition qualifies under the ADA (American Disabilities Act). However, the ADA does not protect your job." The letter asked Sprince to contact ACT before the close of business on September 3, 2009, to discuss Sprince's situation and when she would be able to return to work with or without reasonable accommodation.

  g. On September 3, 2009, Sprince met with her physician, who stated that she could return to work on October 1, 2009. Sprince then immediately telephoned ACT to inform ACT that her doctor had released her for work as of October 1, 2009.

3

  h. The next day, September 4, 2009, ACT sent Sprince a letter terminating her employment. The letter stated in part: "You have been on unprotected leave since June 19th, 2009. Continuing to hold your job open until October 1st is unreasonable since you have not been able to work since February of this year. **Due to business needs your employment with ACT is terminated effective September 4, 2009**." (emphasis in original)

  9. ACT's stated reason for terminating Sprince's employment was pretextual, because, among other reasons, there was no business need to terminate her employment.

  10. ACT's failure to accommodate Sprince's disability violated the ADA.

  11 ACT's termination of Sprince's employment violated the ADA.

  12. The unlawful employment practices complained of above were intentional.

  13. The unlawful employment practices complained of above were done with malice or with reckless indifference to Sprince's federally protected rights.

  14. The effect of the practices complained of above has been to inflict emotional pain, suffering, and inconvenience upon Sprince by depriving her of equal employment opportunities in violation of the ADA.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability.

  B. Order Defendants to institute and carry out policies, practices, and programs which provide equal opportunities for qualified individuals with disabilities, and which provide affirmative relief necessary to eradicate the effects of their unlawful employment practices.

      C.    Order Defendants to make Sprince whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to, front pay and reinstatement.

      D.    Order Defendants to make Sprince whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, inconvenience, humiliation, embarrassment, and loss of enjoyment of life in amounts to be determined at trial.

      E.    Order Defendants to pay Sprince punitive damages for their malicious and reckless conduct described above, in amounts to be determined at trial.

      F.    Grant such further relief as the Court deems necessary and proper in the public interest.

      G.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: May 25, 2011

                              Respectfully submitted,
                              P. David Lopez
                              General Counsel
                              James L. Lee
                              Deputy General Counsel
                              Gwendolyn Y. Reams
                              Associate General Counsel
                              EQUAL EMPLOYMENT OPPORTUNITY
                              COMMISSION
                              131 M Street, N.E.
                              4th Floor, Room 5SW30B
                              Washington, D.C. 20507-0100

/s/Elizabeth Grossman_____
Elizabeth Grossman
Regional Attorney
Jelizabeth.grossman@eeoc.gov

/s/Robert D. Rose_____
Robert D. Rose
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall St., 5th Floor
New York, NY 10004-2112
(212) 336-3708
robert.rose@eeoc.gov

/s/Markus L. Penzel_____
Markus L. Penzel
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA 02203-0506
(617) 565-3193
markus.penzel@eeoc.gov